UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA WHITTEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br>Postmaster General of the United States,<br><br>Defendant. | Case No.: 18-CV-2827 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 5) |

Presently before the Court is Defendant Megan J. Brennan's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 5). Also before the court are Plaintiff Cynthia Whitten's Opposition to ("Opp'n" ECF No. 6) and Defendant's Reply in Support of ("Reply," ECF No. 7) the Motion. The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 8. Having carefully considered Plaintiff's Complaint, the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

Plaintiff is an employee of the United States Postal Service ("USPS"). ECF No. 1 ("Compl.") ¶ 11. Plaintiff alleges that she was the victim of both sexual harassment and racial discrimination in violation of Title VII because of certain conduct by her supervisor.

*See generally id.* ¶¶ 11–49. The alleged conduct by Plaintiff's supervisor includes Plaintiff's supervisor "grabbing his penis suggestively and saying: 'Good Morning![,]' taunting her," and "ogl[ing] and leer[ing] at Plaintiff in a sexual and intimidating manner." *Id.* ¶ 16.

Plaintiff filed a complaint with the EEOC on or about April 16, 2012. *Id.* ¶ 8. Following an administrative hearing, the EEOC denied Plaintiff's claims. *See id.* Although Plaintiff appealed the EEOC's denial, the EEOC dismissed Plaintiff's appeal on September 18, 2018, because the appeal was "untimely." *See id.* ¶ 9; *see also* Compl. Ex. A, ECF No 1-2.

On December 17, 2018, Plaintiff filed this lawsuit, alleging two causes of action for sexual harassment and racial discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1). *See generally* ECF No. 1. Claiming that Plaintiff's action is legally infirm because Plaintiff failed to exhaust her administrative remedies by failing to file a timely EEOC appeal, Defendant filed the instant Motion on June 10, 2019. *See generally* ECF No. 5.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that there is a lack of subject matter jurisdiction. Fed. R. Civ. P. 12. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air,* 373 F.3d at 1039). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

///

## ANALYSIS

Defendant argues that jurisdiction is lacking because Plaintiff failed to exhaust her administrative remedies, "which is a precondition to filing suit in district court." *See* ECF No. 5-1 at 2 (citing *Vinieratos v. U.S. Dept. of Air Force*, 939 F.2d 762, 768 (9th Cir. 1991)). Defendant specifically argues that Plaintiff failed to exhaust her administrative remedies by failing to submit a timely appeal to the EEOC. *Id.* at 3. Defendant therefore argues that Plaintiff's Complaint "should be dismissed without leave to amend." *Id.* at 4. Plaintiff seemingly concedes that she failed to exhaust her administrative remedies but nonetheless argues that she is "excused from the exhaustion requirement because her claim is administratively futile[] and she would suffer irreparable harm if the requirement is enforced against her." Opp'n at 7. Defendant counters that there are no exceptions to the mandatory exhaustion of administrative remedies under Title VII and Plaintiff does not establish eligibility for equitable tolling. Reply at 1–2. Consequently, the Court must first determine whether there are exceptions to the exhaustion of administrative remedies requirement and, if so, whether Plaintiff is covered by any of those exceptions.

Plaintiff relies on *Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1988), in asserting that there are exceptions to Title VII's requirement for exhaustion of administrative remedies. *See* Opp'n at 4. In *Daly-Murphy*, the district court granted summary judgment against an anesthesiologist with the United States Department of Veterans Affairs who alleged that her clinical privileges had been suspended in violation of the Administrative Procedure Act and Privacy Act. 837 F.2d at 350. The Ninth Circuit affirmed, finding that the district did not abuse its discretion in requiring the appellant to exhaust her administrative remedies because "the administrative procedures involved . . . [we]re valid and no irreparable injury [wa]s involved." *Id.* at 354. In reaching this conclusion, the court explained:

> Under normal circumstances, a party must exhaust its remedies before it can obtain judicial review of an agency decision." . . . The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over

> the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. . . . There are several exceptions to the exhaustion requirement, however. Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile[;] where pursuit of them would irreparably injure the plaintiff[;] or where the administrative proceedings themselves are void. . . . Unless it is specifically required by statute, application of the doctrine of exhaustion of administrative remedies is within the sound discretion of the district court. . . . We will not disturb a district court's determination of whether exhaustion is required unless that has been a clear abuse of this limited discretion.

*Id.* (first, second, fifth, and sixth alterations in original) (quoting *United Farm Workers v. Ariz. Agr. Empm't*, 669 F.2d 1249, 1253 (9th Cir. 1982)).

Consequently, although the Ninth Circuit in *Daly-Murphy* acknowledged the existence of exceptions to the doctrine of exhaustion of administrative remedies, it also made clear that those exceptions are "limited" and that there is significant importance in preserving the administrative process. Further, neither the district court nor the Ninth Circuit determined that application of any of the enumerated exceptions was required in *Daly-Murphy*.

Nonetheless, Plaintiff argues—without citation to any binding or persuasive authority—that she should be excused from the exhaustion requirement because presentation of her claim would have been "administratively futile" and she would be "irreparably harmed" if the exhaustion requirement was enforced against her. *See* Opp'n 6 at 4. As to her futility argument, Plaintiff states that "[f]utility is shown where the EEOC . . . will clearly reject the claims brought forth, despite the showing made by the claimant." *Id.* (citing *Gulf Restoration Network v. Salazar*, 683 F.3d 158, 176 (5th Cir. 2012)). Plaintiff claims that filing an appeal here would have been futile for two reasons: First, although the EEOC obtained affidavits from several women corroborating Plaintiff's allegations of sexual harassment, the EEOC ultimately denied Plaintiff's claims following

an administrative hearing. *Id.* at 4. Second, since Plaintiff filed her EEOC complaint, several other women have come forward with similar allegations concerning Plaintiff's supervisor; nonetheless, "the EEOC has yet to find that the USPS has discriminated against any of these women" and "the USPS has not properly reprimanded [Plaintiff's supervisor]." *Id.*

Despite Plaintiff's invitation, the Court declines to speculate as to the outcome of the EEOC appeal from which Plaintiff abstained. It is possible that the EEOC may have denied Plaintiff's appeal, but Plaintiff introduces no evidence that her appeal would have been *futile*, *i.e.*, that the EEOC clearly would have denied her appeal. *Cf. Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 386 (2d Cir. 2015) (reversing district court's dismissal for failure to exhaust administrative remedies because the appellant "may have a colorable argument that filing a charge alleging discrimination based on his transgender status would have been futile" because "the EEOC had developed a consistent body of decisions that did not recognize Title VII claims based on the complainant's transgender status").

Further, concluding that Plaintiff has demonstrated futility under these circumstances would undermine the very purpose of the exhaustion doctrine, which "is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process." *United Farm Workers*, 669 F.2d at 1253. Had Plaintiff timely appealed, the EEOC would have been afforded the opportunity to use its expertise and decide if there were any mistakes that had occurred that needed to be corrected; however, because Plaintiff declined timely to appeal, the EEOC justifiably denied review.

This Court must protect the integrity of the administrative process; allowing an exception to the exhaustion requirement because a plaintiff merely fears that the EEOC would not find in her favor on appeal does not do so. If the Court were to permit a plaintiff to miss the administrative appeal deadline and then file suit arguing that exhaustion would have been futile, the Court would be "encourag[ing] the deliberate bypass of the

administrative scheme, and . . . undermining the agency's ability to 'correct its own mistakes and to preclude the need for judicial review.'" *See Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990). The Court therefore concludes that Plaintiff has failed to show that exhaustion would be futile on the facts as alleged.

Plaintiff also argues that she should be excused from the exhaustion requirement because she will be irreparably harmed if she is not permitted to bring this action. *See* Opp'n at 6. In making this argument, Plaintiff relies on the Fifth Circuit's decision in *Gulf Restoration Network*. *See* Opp'n at 6. In *Gulf Restoration Network*, however, the Fifth Circuit concluded that the plaintiffs did not qualify for, let alone argue for the application of, any established exception to the exhaustion requirement. 683 F.3d at 158, 176, 180. The court "explained that exceptions [to administrative exhaustion] apply . . . only in extraordinary circumstances and that [t]here are limited bases for excusing administrative exhaustion." *Id.* at 176 (alterations in original) (citations omitted) (internal quotation marks omitted). Although the Fifth Circuit noted that "[a] court may . . . excuse the failure to exhaust where 'irreparable injury will result absent immediate judicial review,'" such circumstances simply did not exist in *Gulf Restoration Network*. *Id.* (citation omitted).

Plaintiff claims that she "will be irreparably harmed if she is not permitted to bring this civil action" because "[i]t took the EEOC over two years to dismiss Plaintiff's appeal" and "the USPS has done *little to nothing* to remedy [her supervisor]'s continuing harassment," while "Plaintiff continues to be harmed, as she was forced to leave her preferred position and transfer to a less favorable location due to Defendant's apathy and ineptitude." Opp'n at 6. Plaintiff cites no authority, however, supporting her position that this alleged harm qualifies as irreparable absent immediate judicial review.

On the other hand, Defendant cites persuasive authority cautioning against "allow[ing] a plaintiff to circumvent the administrative procedures set up by Congress" under circumstances such as these. *See* ECF No. 5-1 at 3 (quoting *Jenkins v. Potter*, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003)). In *Jenkins*, the court granted summary judgment in favor of the USPS where the plaintiff had failed timely to appeal an EEOC decision, and

therefore also failed to exhaust his administrative remedies. 271 F. Supp. 2d at 563. Although the plaintiff had filed his lawsuit within 90 days of the dismissal of his untimely EEOC appeal, the court noted that the timely filing of the lawsuit could "[]not cure the untimeliness of the original appeal." *Id.*

So, too, here. Plaintiff has failed to demonstrate either that she failed timely to appeal the EEOC's denial because of futility or irreparable harm or that she is entitled to equitable tolling. *See* ECF No. 5-1 at 3; Reply at 2–3. The Court therefore **GRANTS** Defendant's Motion. Although the Court harbors serious doubts that Plaintiff can allege additional facts that will allow her to cure the above-numerated deficiencies, the Court **GRANTS** Plaintiff's request for leave to amend. *See* Opp'n at 7.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. *Should Plaintiff fail to file an amended complaint within that time, this action shall remain dismissed without prejudice without further Order of the Court.*

**IT IS SO ORDERED.**

Dated: October 28, 2019

Hon. Janis L. Sammartino
United States District Judge